UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bank of America, N.A., <br>         Plaintiff, <br> vs. <br> Delores D. Guernsey, <br> Robert J. Guernsey, <br> Horry County State Bank, <br> Channel Group, LLC, <br> Ocean Pines II Homeowner's Association, Inc., <br>         Defendants. | C/A: 4:18-1594-AMQ-TER <br><br> ORDER |

Defendants Delores and Robert Guernsey, proceeding *pro se*, filed a Notice of Removal in this Court in an attempt to remove a state foreclosure action filed against them and three other Defendants in the Horry County Court of Common Pleas in 2016. *See No.* 2016-cp-26-004432. However, their attempted removal is improper and this matter is remanded to the state court as discussed below.

In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992);

1

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Defendants assert removal is pursuant to 28 U.S.C. § 1443(1), which provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443. The plain language of the statute makes it applicable to circumstances where a person cannot enforce certain rights in state court. There is no showing of such circumstances here. Additionally, application of 28 U.S.C. § 1443 is limited to allegations of inequality not present in this action based on the Notice of Removal. *See Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976)(removal under § 1443(1) requires a showing, *inter alia*, that defendant is being deprived of federal rights protecting against racial discrimination). Thus, remand is appropriate due to a lack of subject matter jurisdiction.

Defendants' attempt to remove this action is improper under 28 U.S.C. § 1441, as well. Section 1441 governs the removal of civil actions generally. A defendant may remove a civil action which was brought in state court if the case originally could have been brought in a federal district court. 28 U.S.C. § 1441. District courts exercise two types of subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Jurisdiction is established based on the allegations of the Plaintiff's complaint filed in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Ordinarily, defendant's answer or counterclaims do not control removal jurisdiction. *See id.* Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Courts "look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996). Moreover, "[w]hen evaluating the propriety of removal, the district court must determine the nature of plaintiff's claims from the face of the complaint at the time the petition for removal was filed." *Martin v. Lagualt*, 315 F. Supp. 2d 811, 814 (E.D. Va.2004) (citation omitted).

It is clear from the face of the Complaint here that this case is a foreclosure action based on state law. Based on the circumstances presented here, the fact that Defendants might be able to raise a defense to the foreclosure action based on a federal statute or on a constitutional amendment does not provide removal jurisdiction so long as the state court complaint is based on purely state law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Defendants have not shown that this court has jurisdiction rooted in either diversity or federal question.

Moreover, the Notice of Removal is untimely. 28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service

of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Public records show the initial pleading in this case was filed in July 2016. Defendants filed an Answer to the Complaint in April 2017. Defendants filed an Amended Answer in May 2018 because Defendants allege they first were served a motion to substitute Plaintiff dated June 26, 2017, on April 19, 2018. Defendants' Notice of Removal was filed June 12, 2018.

Defendants have not complied with § 1446(b) time requirements. Failure to comply with the procedures for removal in and of itself may warrant remand. *Nat'l Union Fire Ins. Co. v. Louth*, 40 F. Supp. 2d 776 (W.D. Va. 1999); *see also Ex parte Bopst*, 95 F.2d 828, 829 (4th Cir. 1938)("in removal proceedings the provisions of the removal statute must be strictly followed, and that procedural matters thus become jurisdictional").

To the extent liberally construed Plaintiff is attempting to fall under § 1446(b)(3), proper timing of removal has also passed. Section 1446(b)(3) states "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The substitution of the Plaintiff, who was the successor in interest to the prior Plaintiff, by itself, would not cause the action to become removable in this particular case as the Plaintiff's claim remained the same. Nonetheless, even assuming, for the sake of argument, the substitution of Plaintiff caused the action to become removable, it is still untimely.[1]

---

[1] Of note, the basis of the remand order, regardless of further discussion, is the lack of subject matter jurisdiction, which is reviewable *sua sponte*. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199-200 (4th Cir. 2008)(reversal of remand order based on procedural defects reviewed *sua sponte,* and upon remand, the district court could inquire *sua*

Based on the foregoing, IT IS ORDERED that this case is remanded[2] to state court for disposition. IT IS FURTHER ORDERED that the Office of the Clerk of Court shall not immediately certify this Order to the Horry County Court of Common Pleas. If the parties in the above-captioned case fail to file an appeal of this Order or fail to file written objections to this Order with the district judge (if this Order is treated as a Report and Recommendation) within fourteen (14) days after this Order is filed, the Office of the Clerk of Court shall then certify this Order to the Horry County Court of Common Pleas. If, however, either party files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation), the Office of the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to a United States District Judge for a final disposition.

IT IS SO ORDERED.

June 14, 2018  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Failure to timely appeal or file specific written objections to this Order will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**

---

*sponte* regarding subject matter jurisdiction).

[2] South Carolina federal district courts are split on whether a magistrate judge may order the remand of a case. *Compare Long v. Lockheed Missiles & Space Co., Inc.*, 783 F.Supp. 249, 250 (D.S.C.1992), *with GPO Fed. Credit Union v. Fernicola*, No. 08–516, 2008 WL 6571995, at *1 (D.S.C. July 11, 2008); *see also Ballard v. Admiral Ins. Co.*, 2018 WL 174942 (Mar. 20, 2018)(continuing to recognize dispute on whether an order of remand is considered dispositive or not); *Jonas v. Unison Ins. Co.*, No. 00-1217, 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) (noting the Fourth Circuit has not addressed whether a magistrate judge may issue remand orders in non-consent cases); *Pikkert v. Pastene*, No. 03-1212, 2003 WL 21154296 (4th Cir. May 20, 2013), *cert. denied*, 541 U.S. 987 (2014) (unpublished, finding a magistrate judge's remand order is not reviewable by the appellate court, without further discussion of propriety of disposition by magistrate judge's order).